IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN ALFRED EVANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. 04-0809-WS |
| v.            ) | |
| ) | CRIMINAL ACTION NO. 03-00120 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This matter is before the Court on the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 40).[1] The parties have filed briefs in support of their respective positions, (Docs. 41, 47, 57), and the motion is ripe for resolution. After carefully considering the foregoing materials, as well as all relevant portions of the file, the Court concludes that the motion is due to be denied.

**BACKGROUND**

The petitioner was charged with, and pleaded guilty to, a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Docs. 1, 22). He was determined at sentencing to be an armed career criminal under 18 U.S.C. § 924(e) and was sentenced to the statutory minimum of 180 months. (Doc. 36). The petitioner, who had executed an appeal waiver as part of his plea agreement, (Doc. 20 at 9-10), did not appeal. He timely filed the instant motion within one year of the date upon which his conviction became final.

The petitioner's motion raises two grounds: (1) that certain facts employed at sentencing were unconstitutionally found by the Court rather than by a jury; and (2) that two prior offenses

---

[1]The petitioner has filed a motion to amend his motion to vacate. (Doc. 58). Because the respondent filed an "answer in opposition" to the motion to vacate before the petitioner filed his motion to amend, the amendment can be allowed "only by leave of court." Fed. R. Civ. P. 15(a). Because such leave is to be "freely given," *id*., because the motion to amend simply identifies a supplemental authority in support of the petitioner's previously advanced grounds, and because the respondent has not objected, the motion to amend is **granted**.

that do not constitute "violent felon[ies]" under Section 924(e) were improperly counted in determining the petitioner to be an armed career criminal. (Doc. 40 at 4).

## DISCUSSION

**I. Appeal Waiver.**

The petitioner signed a plea agreement that included a " limited waiver of right to appeal sentence." The agreement largely precluded the petitioner from challenging his sentence either on direct appeal or via a motion to vacate. The agreement preserved the petitioner's right to appeal (or file a motion to vacate concerning) any of the following: (a) "[a]ny punishment imposed in excess of the statutory maximum"; (b) any punishment constituting an upward departure from the guidelines; (c) ineffective assistance of counsel; (d) any enhancement under Section 2K2.4; and (e) the constitutionality of Section 922(g)(1), should the Supreme Court hold that the out-of-state manufacture of the firearm does not satisfy the interstate commerce requirement. (Doc. 20 at 10). The respondent argues that the instant motion is barred by the appeal waiver. (Doc. 47 at 1-3).

"An appeal waiver is valid if a defendant enters into it knowingly and voluntarily." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). A valid appeal waiver can likewise waive the right to pursue collateral relief under Section 2255. *Williams v. United States*, 396 F.3d 1340, 1341-42 (11th Cir. 2005). "[I]n most circumstances, for a sentence appeal waiver to be knowing and voluntary, the district court must have specifically discussed the sentence waiver with the defendant during the Rule 11 hearing." *United States v. Bushert*, 997 F.3d 1343, 1351 (11th Cir. 1993). The only exception arises when "it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id*.

The petitioner argues that an appeal waiver can *never* be entered into knowingly and voluntarily because, until sentence is imposed, the defendant cannot know what errors may infect the sentence and so cannot know what he is giving up. (Doc. 57 at 3). That is, the petitioner argues that *all* appeal waivers are invalid. This cannot be the law, however, because the Eleventh Circuit has repeatedly upheld appeal waivers as knowing and voluntary, despite the fact that none of the defendants had been sentenced at the time the waiver was made. *See, e.g., United States v. Bascomb*, 451 F.3d at 1294 (citing seven examples).

There is, however, a wrinkle in this case.  The plea agreement identified "[t]he maximum penalty the Court could impose" as ten years, (Doc. 20 at 3), and in the Rule 11 colloquy the Court advised the petitioner that ten years constituted the maximum sentence.  (Doc. 48 at 9).  The pre-sentence report, however, subsequently concluded that the petitioner had three prior "violent felonies" under Section 924(e), exposing the plaintiff to a sentencing range of 15 years to life.  At sentencing, and at defense counsel's request, the Court advised the petitioner that this was the correct sentencing range and afforded the petitioner an opportunity to withdraw his guilty plea.  (Doc. 49 at 6).  The Court, however, was not requested to, and did not, mention the appeal waiver or indicate that the petitioner was, or might be, waiving the right to appeal a sentence that exceeded the ten-year statutory maximum under Section 922(g) but fell within the sentencing range provided by Section 924(e).

A similar situation occurred in *United States v. Williams*, 156 Fed. Appx. 260 (11th Cir. 2005).  The defendant was charged under Section 922(g) and signed a plea agreement indicating that he "was subject to a maximum prison sentence of 10 years."  *Id*. at 261.  The court accepted the defendant's guilty plea after a Rule 11 colloquy that fully covered the appeal waiver.  *Id*.  The pre-sentence report then concluded that Section 924(e) applied, and the court conducted a supplemental plea colloquy in which it explained the new penalty range.  *Id*.  "However, the district court did not mention the appeal waiver during the supplemental plea colloquy, nor did it indicate whether [the defendant] could appeal a sentence which exceeded the 10-year maximum for an ordinary violation of § 922(g)(1)."  *Id*.

The Eleventh Circuit concluded that, "because [the defendant] was misinformed about the maximum sentence he faced during [the initial Rule 11 colloquy], he did not make the sort of 'knowing' waiver of his appeal rights required by *Bushert*."  156 Fed. Appx. at 263.  The problem was not cured by the trial court's later advice about the true sentencing range and opportunity to reject the guilty plea, because the defendant "was never advised on the record that he was waiving the right to appeal a sentence which exceeded the 10-year maximum permitted by § 924(a)(2) but was consistent with § 924(e)."  *Id*.  Thus, the Court "conclude[d] that the appeal waiver is ineffective and proceed[ed] to the merits of [the defendant's] appeal."  *Id*.

*Williams* appears indistinguishable from this case.  Accordingly, the Court concludes that the petitioner's appeal waiver is ineffective.

In the alternative, the petitioner argues that the appeal waiver does not cover his motion to vacate because he "asserts that his sentence exceeds the statutory maximum." (Doc. 57 at 6). As noted above, the petitioner retained the right to appeal "[a]ny punishment in excess of the statutory maximum." (Doc. 20 at 10). As also noted above, the plea agreement identifies "[t]he maximum penalty the Court could impose" as "10 years imprisonment." (*Id*. at 3). The question becomes whether the "statutory maximum" mentioned in the exception to the appeal waiver is the statutory maximum identified in the plea agreement (ten years) under the only statute mentioned in the plea agreement (Section 922(g)) or the statutory maximum as later determined (life) under another statute not mentioned in the plea agreement (Section 924(e)).

"Plea bargains ... are like contracts and should be interpreted in accord with what the parties intended." *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005). It is not immediately apparent why the parties would have intended "the statutory maximum" to mean "life" when the plea agreement defines the "maximum penalty" as "10 years"; certainly the respondent has not offered to explain how such an intent can be divined.

"Absent some indication that the parties intended otherwise, when an exception to an appeal waiver is stated in terms of a sentence imposed in excess of the statutory maximum, those terms should be given their ordinary and natural meaning." *United States v. Rubbo*, 396 F.3d at 1335. "Ordinarily and naturally, 'statutory maximum' refer[s] to the longest sentence that the statute which punishes a crime permits a court to impose ...." *Id. Rubbo* dealt with an argument that the term "statutory maximum" in an appeal waiver should be construed to mean the maximum sentence supportable only by facts found by a jury or admitted by the defendant, *id*. at 1333; it thus does not establish that the term "statutory maximum" in an appeal waiver necessarily means the maximum punishment provided by any statute on the books, even if higher than the maximum punishment specified in the plea agreement. Indeed, by noting with approval the "cardinal principle of contract interpretation that a writing [including a plea agreement] is to be interpreted as a whole," *id*., the *Rubbo* Court directs attention to how other parts of a plea agreement (here, the identification of "[t]he maximum penalty the Court could impose" as ten years) may serve to limit the meaning of "statutory maximum." Finally, the Court notes that "a plea agreement that is ambiguous must be read against the government." *United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990)(internal quotes omitted).

It is ultimately unnecessary for the Court to determine the parties' intent concerning the scope of the appeal-waiver exception for punishment in excess of the statutory maximum. Because, under *Williams*, the appeal waiver was not knowing and thus is ineffective, the petitioner need not bring his challenges within any exception to the waiver.

**II.  Procedural Default.**

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. [citations omitted] This rule generally applies to all claims, including constitutional claims." *United States v. Lynn*, 365 F.3d 1225, 1234 (11th Cir. 2004). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule.  Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. [citations omitted] Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. (emphasis in original)(internal quotes omitted).  The respondent argues that the petitioner's claims are procedurally defaulted.  (Doc. 47 at 3).

As noted, the petitioner asserts two grounds for relief.  The first, that certain facts employed at sentencing should have been found by a jury rather than by the Court, is based on *Blakely v. Washington*, 542 U.S. 296 (2004).  (Doc. 41 at 5-9).  Although *Blakely* was not decided until several months after judgment was entered herein in December 2003, such a challenge was available at that time, precluding the petitioner from arguing that unavailability constitutes cause for his failure to raise the issue on direct appeal.  A claim based on a constitutional principle that has not been accepted by the Supreme Court is nonetheless available if "the building blocks for arguing it were obviously in existence." *McCoy v. United States*, 266 F.3d 1245, 1258-59 (11th Cir. 2001)(an argument under *Apprendi v. New Jersey* was available long before *Apprendi* was decided).  Here, the petitioner admits that, after *Apprendi* was decided in 2000 and *Ring v. Arizona* in 2002, "scholars were beginning to question whether the federal sentencing guidelines could withstand a challenge." (Doc. 41 at 6).  Indeed, the *Blakely* Court

affirmed that "[o]ur precedents make clear ... that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. at 303 (emphasis in original). The *Blakely* Court attributed this "clear" understanding to *Ring v. Arizona*, a decision handed down long before the petitioner was sentenced.

It is thus incontestable that the "building blocks" for arguing that the Sixth Amendment requires a jury to make all findings affecting a defendant's sentence (other than prior convictions and those facts admitted by the defendant) were in existence in December 2003. Accordingly, such a challenge was "available" for the petitioner to raise on direct appeal. That such a challenge might well have been rejected by the Eleventh Circuit in advance of *Blakely* may reflect on the futility of presenting such a claim, but it does not establish cause for not doing so. *McCoy v. United States*, 266 F.3d at 1258-59; *accord Lynn v. United States*, 365 F.3d at 1235 n.19.

Nor does the appeal waiver supply cause for the petitioner's failure to pursue a direct appeal. "[T]o show cause for procedural default, [a petitioner] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn v. United States*, 365 F.3d at 1235. Because the appeal waiver was ineffective, it did not "prevent" the petitioner from appealing. Moreover, because the appeal waiver is part of a plea agreement to which the petitioner agreed, it is not an objective factor "external to the defense."

The same result obtains with respect to the petitioner's second ground for relief. The claim that the Court incorrectly found that he had three prior violent felonies, so as to be deemed an armed career criminal under Section 924(e), was available to him on direct appeal, and the appeal waiver does not provide cause for his failure to pursue that route.[2]

---

[2]Although unnoted by the respondent, it is doubtful that the petitioner could bring this claim on a motion to vacate even were it not procedurally defaulted. His claim that the Court inaccurately concluded that he had three prior violent felony convictions raises no constitutional issue, and "a non-constitutional error that may justify reversal on appeal does not generally support a collateral attack on a final judgment, [citation omitted], unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d at 1232-33. As noted, the petitioner could have raised

The petitioner makes no argument as to actual prejudice and, absent cause for his failure to appeal, any such prejudice would be irrelevant. Nor has he asserted, much less shown, that he is actually innocent, as is his burden. *E.g., United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005). Thus, his claims are procedurally defaulted.

## III. Merits.

Although the petitioner's motion to vacate is procedurally defaulted in its entirety, the Court pauses to show how transparently meritless his claims are.

### A. Blakely/Booker[3] Violation.

"Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989). The Eleventh Circuit has held that "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *United States v. Varela*, 400 F.3d 864, 867-68 (11th Cir. 2005).

*Booker* was decided on January 12, 2005, and *Blakely* on June 24, 2004. When a defendant does not appeal his conviction and sentence, "[a] conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). A criminal defendant has ten days following entry of judgment in which to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i). Because judgment was entered herein on December 31, 2003, (Doc. 36), the petitioner had until approximately January 10, 2004 within which to appeal. As the petitioner's conviction became final by his failure to appeal some five months before *Blakely* was decided and approximately a year before *Booker* was decided, as a matter of law their principles cannot be applied to his case.

Even were *Blakely* and *Booker* applicable to the petitioner's case, the result would be no

---

this claim on direct appeal. Moreover, given that fact and the claim's lack of merit, *see infra* Part III.B, no injustice would result from enforcing the general rule.

[3] *United States v. Booker*, 543 U.S. 220 (2005).

different. The only relevant fact not found by the jury or admitted by the petitioner was that he had been convicted of three violent felonies for purposes of Section 924(e).[4]  *Booker* does not change the pre-existing rule that the determination whether a defendant has previous convictions, and whether they are for violent felonies, is for the Court and not the jury.  *United States v. Greer*, 440 F.3d 1267, 1269, 1272-76 (11th Cir. 2006); *accord United States v. Dowd*, 451 F.3d 1244, 1253 (11th Cir. 2006).

### B.  Armed Career Criminal Status.

The Court found the petitioner to be subject to the enhanced penalties of Section 924(e) based on three prior convictions constituting violent felonies.  The petitioner argues that the Court should not have relied on his 1982 convictions for Robbery Third and Burglary Third because the respondent failed to prove that they were "violent felon[ies]" within the meaning of Section 924(e)(2)(B).  (Doc. 41 at 2-4).

The petitioner's threshold problem is that, at sentencing, he did not object to the Court's reliance on these convictions.  On the contrary, defense counsel noted that the offenses satisfied the statutory definition of "violent felony" and conceded that "I don't see any way around armed career criminal here."  (Doc. 49 at 9).[5]  "It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes. [citations omitted] It is also established that the failure to object to a district court's factual findings precludes the argument that there was error in them."  *United States v. Wade*, 2006 WL 2195284 at *3 (11th Cir. 2006).  At any rate, the petitioner's failure to object was appropriate.

Robbery is a "violent felony" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  A defendant commits the crime of robbery in the third degree if, in the course of committing a

---

[4]The additional facts as to which the petitioner objects, (Doc. 42 at 5),  did not affect his sentence, since the three violent felonies triggered a mandatory minimum sentence of 15 years, the precise sentence imposed.

[5]In a pre-sentence filing, the petitioner similarly "concede[d] that he appears to have three qualifying offenses for the purpose of 18 U.S.C. § 924(e)."  (Doc. 27 at 2).

theft, he "[u]ses force against the person of the owner or any person present" or "[t]hreatens the imminent use of force against the person of the owner or any person present." Ala. Code § 13A-8-43. This language, identical to that in effect when the petitioner committed the offense, contains precisely the element required by Section 924(e). By admitting that he was convicted of robbery third, the petitioner admits he committed a "violent felony" under Section 924(e). The Court did not err in counting the conviction towards armed career criminal status.

Burglary is a "violent felony" under Section 924(e)(2)(B)(ii) "if [the defendant] is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 459 U.S. 575, 599 (1990). A defendant commits the crime of burglary in the third degree "if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." Ala. Code § 13A-7-7. This language, in effect when the petitioner committed the offense, patently satisfies the *Taylor* definition of burglary for purposes of Section 924(e).[6] By admitting that he was convicted of burglary third, the petitioner admits he committed a "violent felony" under Section 924(e). The Court did not err in counting the conviction under that statute.[7]

## CONCLUSION

For the reasons set forth above, the petitioner's motion to vacate is **denied**.

---

[6] The adverb "unlawfully" modifies both "enters" and "remains." Ala. Code § 13A-7-1(4) & commentary; *id*. § 13A-7-7 commentary.

[7] The determination whether a prior conviction satisfies Section 924(e) must be made "categorically," that is, by examining only the judgment of conviction and the statute under which conviction was obtained. *Taylor v. United States*, 495 U.S. at 602; *accord United States v. Aguilar-Ortiz*, 450 F.3d 1271, 1273 (11th Cir. 2006). Only when review of those two documents raises an ambiguity may the Court look elsewhere. *Id*. The petitioner correctly insists that the Court employ the categorical approach, (Doc. 41 at 2), yet he contradictorily requests the Court to consider the alleged fact that he obtained early release to show that his actual conduct was non-violent. (*Id*. at 4). Because the petitioner admits that he was convicted of robbery third and burglary third, and because the statutes on which these convictions were based unambiguously show that they constitute violent felonies under Section 924(e), review of any other material is prohibited.

DONE and ORDERED this 22nd day of August, 2006.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE