IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOHN ALFRED EVANS, )<br>)<br>    **Defendant.** ) | CRIMINAL NO. 03-0120-WS |

**ORDER**

    The parties have filed a joint motion to vacate sentence. (Doc. 63). The parties request the Court to "vacate [the defendant's] sentence" and "resentenc[e] [him] to the low end of the guideline range," which they calculate as 87 months. (*Id*. at 12, 13). The motion is based on the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which "h[e]ld that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id*. at 2563.

    Because the defendant had previously pursued a motion to vacate, (Docs. 40, 59), he was required to obtain certification by a panel of the Eleventh Circuit that his second or successive motion "contain[s] … a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). He has done so. (Doc. 62).

    The panel, (Doc. 62 at 4-5), first noted that, according to *Welch v. United States*, 136 S. Ct. 1257 (2016), "*Johnson* announced a new rule," *id*. at 1264, and "*Johnson* is retroactive in cases on collateral review." *Id*. at 1268. Simply asserting a retroactive *Johnson* claim, however, is not enough to obtain certification. Certification under Section 2255(h) must occur "as provided in section 2244," 28 U.S.C. § 2255(h), and Section 2244 permits an appellate court to issue a certification "only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this sub-section." 28 U.S.C. § 2244(b)(3)(C). A defendant thus "must show that he falls within the scope of the new substantive rule announced in *Johnson*." (Doc. 62 at 4). "In light of the Supreme Court's holdings in *Johnson* and *Welch*, federal prisoners who can make a *prima facie* showing that they previously were sentenced, at least in part, in reliance on the ACCA's now-voided residual clause are entitled to file a second

or successive § 2255 motion in the district court." (*Id*. at 5). *Accord In re: Thomas*, ___ F.3d ___, 2016 WL 3000325 at *2 (11th Cir. 2016). That is, to obtain appellate certification, a defendant must make a threshold showing, not merely that he was sentenced under ACCA, but that he was sentenced under ACCA based on its now-unconstitutional residual clause.

Importantly, the panel's authorization to file a second or successive motion to vacate is not conclusive as to whether such a motion is proper. Rather, the appellate court's "prima facie" evaluation "is a limited determination, and this Court "is to decide the § 2255(h) issue fresh, or in the legal vernacular, de novo." *In re: Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (internal quotes omitted). If, but only if, the Court in its independent analysis confirms that the requirements of certification are satisfied will it "proceed to considering the merits of the § 2255 motion." (Doc. 62 at 9).

The panel ruled that the defendant had made the necessary prima facie showing. First, the Court determined that the defendant's appeal waiver was no bar, (Doc. 62 at 5-7), for reasons paralleling those given by this Court in its order denying the defendant's first motion to vacate. (Doc. 59 at 2-5). The Court thus has no reason to re-visit that determination.

Second, the panel identified three potential violent felonies in the PSR: (1) third-degree robbery; (2) first-degree assault; and (3) third-degree burglary. The panel assumed the first two convictions constitute violent felonies and focused its attention on the third. In light of *Johnson*, third-degree burglary cannot be a violent felony under the residual clause. And in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013), *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014), and *Mays v. United States*, 817 F.3d 728 (11th Cir. 2016), third-degree burglary under Alabama law cannot be a violent felony under the enumerated clause. (Doc. 62 at 8). The panel tentatively concluded that the defendant thus "lacks a third qualifying offense, as required under the ACCA." (*Id*.).

Like the panel, the parties ignore the assault first and robbery third convictions and train their attention on the burglary third conviction, employing an analysis similar to that of the panel. (Doc. 63 at 3-5). The Court concurs that, in light of *Johnson* and *Welch*, the third-degree burglary conviction cannot count as a violent felony under the residual clause, but the Court did not count this conviction as a violent felony under the residual clause. Rather, because burglary is a listed offense, 18 U.S.C. § 924(e)(2)(b)(ii), the Court treated that conviction as a violent

felony under the enumerated clause.  Such determinations are "not affected by *Johnson*."  *In re: Thomas*, 2016 WL 3000325 at *3.

It is true that, in light of *Descamps*, *Howard* and *Mays*, sentencing courts can no longer treat third-degree burglary under Alabama law as a violent felony under the enumerated clause.  The defendant, however, cannot raise such an objection on a second or successive petition.  To fall within Section 2255(h)(2), *Descamps* must be a "new rule of constitutional law" that the Supreme Court has "made retroactive to cases on collateral review."  28 U.S.C. § 2255(h)(2).  According to *Mays*, *Descamps* "did not announce a new rule."  817 F.3d at 734.  And it was the Eleventh Circuit in *Mays*, rather than the Supreme Court in *Descamps*, that declared that *Descamps* "appl[ies] retroactively in the first post-conviction context."  *Id*. at 730.

The Eleventh Circuit, in its published *Thomas* opinion, has recently resolved this very point.  There, the defendant's critical third conviction was for breaking and entering under Florida law, which was deemed a burglary.  The Court agreed that *Johnson* and *Welch* would permit a second or successive petition had the district court relied on the residual clause in categorizing the burglary conviction as a violent felony, but it had not; instead, it had relied on the enumerated clause.  The defendant could not obtain leave to file a second or successive motion based on *Descamps* because "*Descamps* did not announce a new rule of constitutional law as required under § 2255(h)(2)."  2016 WL 3000325 at *3; *accord In re: Griffin*, ___ F.3d ___, 2016 WL 3003393 at *6 (11th Cir. 2016).

The panel has instructed the Court to determine, "fresh" and "de novo," whether the defendant has satisfied the requirements of Section 2255(h)(2).  (Doc. 62 at 8-9).  The panel has also reminded the Court that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."  28 U.S.C. § 2244(b)(4).

For the reasons set forth above, the motion to vacate is **denied**, and any claim presented therein based on *Descamps* is **dismissed**.

DONE and ORDERED this 9th day of June, 2016.

                s/WILLIAM H. STEELE
                CHIEF UNITED STATES DISTRICT JUDGE